# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 03-0031V
Filed: September 11, 2014

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
THOMAS J. BLAKE, and                      *
PAMELA L. BLAKE, legal representatives    *
of a minor child, W.J.B.,                 *
                                          *
              Petitioners,                *     Motion for Reconsideration;
       v.                                 *     Motion for Relief from Judgment;
                                          *     Decision Filing Date; Vaccine
SECRETARY OF HEALTH                       *     Rule 10; Vaccine Rule 36;
AND HUMAN SERVICES,                       *     RCFC 59; RCFC 60;
                                          *
              Respondent.                 *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Michael L. Cave, Cave Law Firm, Baton Rouge, LA, for petitioners.
Voris E. Johnson, Jr., U.S. Department of Justice, Washington, DC, for respondent.

### RULING DENYING PETITIONERS' MOTION FOR RECONSIDERATION AND MOTION FOR POST-JUDGMENT RELIEF[1]

**Vowell,** Chief Special Master:

On July 9, 2014, petitioners filed a motion requesting various forms of relief from my decision dismissing their claim and the subsequent judgment. Specifically, petitioners moved for reconsideration of my May 21, 2014 Decision and June 18, 2014 "Public Decision" pursuant to Vaccine Rule 10(e). Petitioners' Motions ["Pet. Motions"] at 1. They also moved "for Post-Judgment Relief from the court's June 23, 2014 Judgment" pursuant to Vaccine Rule 36 and Rule 60 of the Rules of the United States Court of Federal Claims ["RCFC"]. *Id.* Finally, they requested that "the Decision date be declared to be the date of the Public Decision of June 18, 2014." *Id.* at 4. Although not required, respondent filed a written response to petitioners' motions on July 16, 2014.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

On July 17, 2014, petitioners filed a motion for review with the U.S. Court of Federal Claims. The case was assigned to Judge Horn, who, on August 8, 2014, stayed respondent's response to the motion for review and remanded the case to me to rule on petitioners' July 9, 2014 motions.

**For the reasons discussed below, petitioners' motions are DENIED.**

### I. Relevant Procedural History.[2]

Petitioners filed their claim on January 7, 2003. It was included in the Omnibus Autism Proceeding ["OAP"] and effectively stayed while general causation issues were litigated in the OAP test cases. Following resolution of the OAP test cases, petitioners filed an amended petition alleging that W.J.B. suffered the Table injury[3] of encephalopathy following receipt of the measles, mumps, and rubella ["MMR"] vaccine. Amended Petition, filed Sept. 14, 2011, at 1.

On October 5, 2011, the special master formerly assigned to this case held a status conference with the parties. During the call, she noted the "potential difficulty associated with characterizing symptoms that commonly manifest as symptoms of autism as symptoms that are indicative of an acute encephalopathy." Order, issued Oct. 5, 2011, at 1. On numerous occasions over the next year, she discussed her concerns regarding petitioners' claim. *See, e.g.,* Order, issued Feb. 15, 2012, at 1-4.

To resolve issues pertaining to the factual basis for petitioners' claim, the former special master held a fact hearing on November 14, 2012. Thereafter, she concluded there was insufficient evidence to demonstrate that W.J.B. had experienced a Table encephalopathy. Order, issued Jan. 23, 2013, at 2-3. She indicated petitioners could file either a motion for a decision dismissing their claim or a motion for a decision on the record. *Id.* at 3.

The case was reassigned to me on March 8, 2013. Shortly thereafter, on April 4, 2013, petitioners filed a motion for a decision on the record. In their motion, petitioners asserted for the first time that they had proven actual causation, in addition to the Table injury claim asserted in the amended petition. Petitioners' Motion for a Decision on the Record at 1; *see also Blake*, 2014 WL 2769979, at *1 n.3. Respondent filed a response to petitioners' motion on May 15, 2013. Petitioners filed a reply in early June 2013.

I initially issued my decision dismissing petitioners' claim on May 20, 2014. The filing of the decision was noted at docket entry #64 on May 20, 2014. The next day, I

---

[2] A more complete discussion of the procedural history in this case can be found in my decision dismissing petitioners' claim. *See Blake v. Sec'y, HHS*, No. 03-31V, 2014 WL 2769979, at *1-5 (Fed. Cl. Spec. Mstr. May 21, 2014). In this ruling, I will discuss only the portions which are relevant to the filing date of that decision.

[3] A "Table" injury is an injury listed on the Vaccine Injury Table, 42 C.F.R. § 100.3, corresponding to the vaccine received within the time frame specified.

vacated the decision "in order to correct minor grammatical errors." See Non-pdf Order, issued May 21, 2014. I specifically indicated I was vacating the decision at docket entry #64. Following that order, I filed the corrected version of the decision with the new filing date, May 21, 2014. The filing of this corrected decision was noted at docket entry #65.

Under the modified process for posting decisions initiated by the court in February 2014,[4] the public version of the decision was issued at docket entry #66 on June 18, 2014. The docket text and decision both indicated that the decision was filed on May 21, 2014.

Judgment entered on June 23, 2014. That same day, petitioners' counsel called my law clerk seeking guidance on petitioners' right to appeal. My law clerk declined to give petitioners' counsel legal advice, referring counsel to the Vaccine Rules and "Guidelines for Practice under the NCVIP." See Docket Entry for Informal Communication dated June 24, 2014.

On July 9, 2014, petitioners filed the instant motions.

## II.  Legal Standards.

A.  Law and Rules Pertaining to Post-Decision Relief.

The Vaccine Act provides that a party may file a motion for review of a decision of a special master to the U.S. Court of Federal Claims. 42 U.S.C. § 300aa-12(e)(1). The motion for review has a strict time limit; the motion must be filed within 30 days of the filing date of the decision of the special master.

The Vaccine Rules, which can be found at Appendix B to the RCFC, govern all Vaccine Act proceedings. Vaccine Rule 1(a). If a matter is not specifically addressed by the Vaccine Rules, the special master of the court "may regulate the applicable practice, consistent with these rules and with the purpose of the Vaccine Act, to decide the case promptly and efficiently." Vaccine Rule 1(b). "The RCFC apply only to the extent they are consistent with the Vaccine Rules." Vaccine Rule 1(c).

Post-decision relief may come in the form of a motion for review pursuant to Vaccine Rule 23 or a motion for reconsideration pursuant to Vaccine Rule 10(e), provided judgment has not entered. After judgment has entered, relief may be obtained pursuant to Vaccine Rule 36 and RCFC 59 or 60.

---

[4] In February 2014, the court modified the process employed when making decisions available to the public in accordance with the E-Government Act of 2002. The parties still have 14 days to request any redactions. Following that period, the public version of the decision is, as always, posted on the court's website. Under the new procedure, the public version of the decision is issued again on CM/ECF. The docket text and decision itself indicate when the decision was filed.

3

B. Relief Prior to Entry of Judgment.

   1. Motion for Review.

Any motion for review must be filed within 30 days of the date of the decision. 42 U.S.C. § 300aa-12(e)(1); Vaccine Rule 23(a). Extensions of time are not allowed and "the failure of a party to file a motion for review in a timely manner will constitute a waiver of the right to obtain review." Vaccine Rule 23(b). The opposing party may file a response to a motion for review within 30 days. 42 U.S.C. § 300aa-12(e)(1); Vaccine Rule 25(a). Likewise, the failure to file a timely response will be viewed as a waiver of that right. Vaccine Rule 25(b).

   2. Motion for Reconsideration.

Any motion for reconsideration must be filed within 21 days of the date of the decision. Vaccine Rule 10(e)(1). Of particular significance to this case, such motions are prohibited after judgment has entered or a motion for review under Vaccine Rule 23 has been filed. *Id.* Although the special master may order the nonmoving party to file a response (specifying the method and timing), a response is not required. Vaccine Rule 10(e)(2).

"The special master has the discretion to grant or deny the motion, in the interest of justice." Vaccine Rule 10(e)(3). Although what constitutes "in the interest of justice" is not defined in the rule, decisions of special masters and judges of the U.S. Court of Federal Claims provide guidance. The special master who issued the decision may grant, deny, or take no action on any motion for reconsideration. *See* Vaccine Rule 10(e).

The filing of a motion for reconsideration does not toll the 30 day period for filing a motion for review. Vaccine Rule 10(e)(3)(B). If the special master denies or fails to act on a motion for reconsideration, the 30 day period still runs and judgment will enter unless a motion for review is filed. *Id.* If no motion for review is filed, "the clerk will enter judgment 30 days after the filing of . . . the special master's decision." Vaccine Rule 11(a).

In *Cedillo v. Sec'y, HHS*, No. 98-916V, 2009 WL 996299, at *1 (Fed. Cl. Spec. Mstr. Mar. 16, 2009), an OAP test case, the special master denied petitioners' motion for reconsideration because it was untimely filed and petitioners provided scant justification for reconsidering the decision. The Federal Circuit affirmed the denial, holding that the special master "did not abuse his discretion in declining to grant reconsideration in view of evidence that was previously available and which did not in fact support petitioners' position on the central issues." *Cedillo v. Sec'y, HHS*, 617 F.3d 1328, 1348 (Fed. Cir. 2010).

I denied the identical motion for reconsideration in *Snyder v. Sec'y, HHS*, No. 01-162V, 2009 WL 764611, at *1 (Fed. Cl. Spec. Mstr. Mar. 16, 2009), *rev. denied*, 88 Fed. Cl. 706 (2009), finding that the motion was untimely filed and failed "to demonstrate that

the interest of justice would be served" by granting the motion. I observed that "[t]he untimely filing of this motion for reconsideration, on the eve of the deadline for filing a motion for review of my decision, suggest[ed] a thinly veiled effort by petitioners' counsel to obtain additional time for filing their motion for review, while placing additional evidence before the reviewing court." *Id.*

In *Doe/17 v. Sec'y, HHS*, 84 Fed. Cl. 691, 704 (2008), another vaccine case, the special master's cursory denial of a motion for reconsideration was upheld because "[n]othing in [the] documents [submitted in support of the motion] was compelling evidence that would warrant reconsideration of his key findings of fact." The judge found no error in the special master's failure to discuss the significance of each of the motion's attachments. *Id.*

C. Relief Following Judgment.

After judgment has entered, a party wishing to challenge the special master's decision must seek relief pursuant to Vaccine Rule 36. Vaccine Rule 36(a) allows a party to file a motion for reconsideration pursuant to RCFC 59 or to seek relief from judgment pursuant to RCFC 60. If the case was assigned to a judge for review, the motion will be referred to the same judge. Vaccine Rule 36(a)(1). Otherwise, the motion will be referred to the special master assigned to the case. Vaccine Rule 36(a)(2).[5]

RCFC 59 and 60 are identical to Rules 59 and 60 of the Federal Rules of Civil Procedure ["FRCP"]. Thus, cases involving Rules 59 and 60, FRCP, are informative in determining the meaning and intent of RCFC 59 and 60.

In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate" when determining whether to grant relief. *Kennedy v. Sec'y, HHS*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010); *see also Bridgham by Libby v. Sec'y, HHS*, 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that the court's judgment appropriately reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights").

Rule 59 allows a judge or special master to reconsider all or some of the issues in a case. RCFC 59(a)(1); Vaccine Rule 36(a)(2) (authorizing a special master to consider motions for reconsideration filed under RCFC 59). The court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." RCFC 59(b). With the exception of a motion based on "any fraud, wrong, or injustice . . . done

---

[5] This sharing of authority over judgments between judge and special master was determined to be appropriate since the Vaccine Rule 36 procedure allows for immediate review of the special master's ruling. *Vessels v. Sec'y, HHS*, 65 Fed. Cl. 563, 568 (2005).

5

to the United States," a motion must be filed with 28 days of the date judgment entered. RCFC 59(b).

Under RCFC 59(a), a motion for reconsideration may be granted only upon a showing of: (1) an intervening change in the law, (2) newly available evidence, or (3) to prevent a manifest injustice. *Hall v. Sec'y, HHS*, 93 Fed. Cl. 239, 251 (2010), *aff'd*, 640 F.3d 1351 (Fed. Cir.), *cert. denied sub nom. Hall v. Sebelius*, 132 S.Ct. 815 (2011); *see also, e.g.*, *Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006).

"Manifest injustice" has been defined as an unfairness that is "clearly apparent or obvious." *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002). When a decision has been rendered on the merits of a claim, and there is no change in the law and no newly discovered evidence, the bar for reconsideration is extraordinarily high. *See Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006) (manifest injustice must be so apparent as to be "almost indisputable"). As I indicated in an order in another case, the "manifest injustice" standard of RCFC 59 is more stringent than the "interest of justice" standard in Vaccine Rule 10(e). *See Krakow v. Sec'y, HHS*, No. 03-632V, 2010 WL 5572974, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010); *see also Coleman v. Sec'y, HHS*, No. 06-710V, 2011 WL 6828475, at *5 (Fed. Cl. Spec. Mstr. Dec. 7, 2011).

"The decision whether to grant reconsideration lies largely within the discretion of the . . . court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). A motion for reconsideration is not meant to provide an unsuccessful party the opportunity to make arguments which have already been rejected. *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991).

A motion for relief under RCFC 60(b) "seeks to set aside a final decision and it is incumbent upon the motion-filer to demonstrate that he or she is entitled to that relief." *Kennedy*, 99 Fed. Cl. at 550. Relief from final judgment under RCFC 60 can be obtained for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision at RCFC 60(b)(6). The catch-all is a general provision which allows the vacating of a judgment "whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949). However, extraordinary circumstances must warrant such relief. *See Ackerman v. United States*, 340 U.S. 193, 198 (1950) (denying relief after finding the extraordinary circumstances in *Klapprott* did not exist). Moreover, the catch-all provision should be used "only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." *CNA Corp. v. United States*, 83 Fed. Cl. 1, 8 (2008) (quoting *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)). "These clauses are . . . mutually exclusive . . . to prevent Rule 60(b)(6) from being used to avoid the one-year limitation on motions that fall under the earlier clauses of the rule." *Kennedy*, 99 Fed. Cl. at 547-48 (citing *Pioneer Inv. Servs.*, 507 U.S. 380, 393 (1993)).

In *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir. 1981), the court listed eight factors important in determining whether relief under Rule 60(b) is warranted:

> (1) [t]hat final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is <u>not to be used as a substitute for appeal</u>; (3) that the rule

> should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5*)* whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, <u>and there is merit in the movant's claim or defense</u>; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402 (emphasis added).

It is well settled that Rule 60(b) "cannot be employed to toll, extend, or waive the time period in which to appeal." *Widdos v. Sec'y, HHS*, 989 F.2d 1170, 1178 (Fed. Cir. 1993); *accord Patton v. Sec'y, HHS,* 25 F.3d 1021, 1028 (Fed. Cir. 1994)*; Waller v. Sec'y, HHS*, 76 Fed. Cl. 321, 324-25 (2005). "RCFC 60(b) may not be used to circumvent the appellate process that Congress has established in the Vaccine Act." *Vessels*, 65 Fed. Cl. at 569.

In considering Rule 60(b) motions, courts also have weighed the merits of the underlying claim in determining whether relief from judgment is appropriate. *See, e.g., Curtis v. United States*, 61 Fed. Cl. 511, 512 (2004) ("[A] litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise.") (quoting *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Inc.*, 953 F.2d 17, 20 (1st Cir. 1992)).

### III. Evaluating Petitioners' Motions.

Judgment entered on June 23, 2014. Petitioners have requested that I deem the date of filing of the public decision in this case (June 18, 2014) the operative date for my decision, thus rendering the judgment filed too soon. Pet. Motions at 4. This, in turn, would provide a basis for their motion for relief from judgment, permitting me to consider their motion for reconsideration pursuant to Vaccine Rule 10(e) timely filed. Alternatively, they request relief from judgment under Vaccine Rule 36 and RCFC 60. *Id.* at 1, 4.

Petitioners have not provided any information or evidence which would justify reconsideration or relief from judgment. Their motions constitute an attempt to circumvent the filing requirements of Vaccine Rule 23 and to extend the time available for their motion for review. Petitioners are attempting an end run around the 30 day period specified in Vaccine Rule 23 and 42 U.S.C. § 300aa-12(e)(1) of the Vaccine Act for filing a motion for review.

In support of all the relief requested, petitioners' counsel claims that he was led astray by "confusing filings." To the contrary, the facts are quite simple. My decision

dismissing petitioners' claim was filed on May 20, 2014. Noting several grammatical errors in the filed version of that decision, I withdrew it on May 21, 2014 and immediately thereafter posted the corrected version of the decision.

In part, counsel's confusion regarding the events of May 20 and 21 stems from his belief that all events occurred on May 21, 2014. Pet. Motions at 2 (erroneously indicating my first decision was issued on May 21, 2014). His belief is not based on facts. The original decision was filed on May 20. Counsel's assertion that all filings occurred on May 21 within a few minutes of each other can be attributed only to his lack of attention to detail. He simply failed to read the May 21 final decision.

Petitioners' counsel clearly indicates that he saw the first decision issued, the order vacating that decision, and the decision issued afterwards. Pet. Motions at 2. Counsel would have received the electronic notification of the first decision on May 20. Although counsel would have received electronic notifications for the order and corrected decision within a few minutes of each other on May 21, the order which indicated I was vacating the May 20, 2014 decision at docket entry #64 was issued first. The correct decision was then issued with the current date of May 21, 2014 at docket entry #65. Even if counsel had not noticed the corrections made, he should have realized the dates of the decisions were different.

Petitioners' counsel saw the filing of the corrected decision on May 21, 2014 but apparently did not read it. He asserts that when he "received [notice of] the 'Public Decision' on June 18, 2014," he believed that filing was the corrected version of my decision, and thus, that June 18, 2014 was the filing date. Pet. Motions at 3 (indicating petitioners intended to file a motion for review of the June 18, 2014 decision). However, even a cursory examination of the decision filed on June 18, 2014 would have revealed the filing date listed at the top of the first page was May 21, 2014. The "Public Decision" at docket entry #66 carried the filing date of May 21, 2014, not June 18.

This is not the first time this attorney, who is experienced in Vaccine Act cases, has demonstrated a lack of due diligence and attention to filing deadlines. *See Guillot v. Sec'y, HHS*, No. 03-775V, 2012 WL 3867160 (Fed. Cl. Spec. Mstr. Aug. 15, 2012); *Guillot v. Sec'y, HHS*, No. 03-775V, 2012 WL 4788569 (Fed. Cl. Spec. Mstr. Sept. 13, 2012). In *Guillot*, the special master held a status conference in November 2011, identifying several issues which needed to be addressed and ordering petitioners to file additional medical records by February 1, 2012. *Gulliot*, 2012 WL 3867160, at *1-2. When the petitioners failed to file the additional medical records by February 1, the special master issued an order to show cause. Again receiving no response, the special master dismissed the petitioners' claim on March 8, 2012. Judgment in that case entered on April 11, 2012. *Id.* at *2. On April 24, 2012 and again on September 12, 2012, petitioners filed motions for relief from judgment, claiming counsel had not received notice of the three orders and decision issued after the status conference call in November 2011. *Gulliot*, 2012 WL 4788569, at *1. Although petitioners' counsel acknowledged he had participated in the November 2011 call and was expecting the issuance of an order following the call, he provided no reason why he waited until the end of April 2012 to check on the status of the case.

Petitioners ask me to declare a later filing date for my decision "which would allow ample time for petitioners to file its [sic] motion for review, and thereby preserve petitioners' right to appeal." Pet. Motions at 4. This later date would allow both their motion for reconsideration and motion for review to be considered timely filed. However, petitioners have cited no authority which would allow me to take such action.

In *Waller*, Judge Hewitt faced a similar request from counsel. In that case, counsel claimed he was confused by the decision's docket entry which was created and dated on August 25, 2005, but which indicated the decision was filed on August 23, 2005.[6] *See Waller*, 76 Fed. Cl. at 322-24. Counsel asked Judge Hewitt to "deem the filing date of the decision for purposes of the Motion for Review to have been August 25, 2005." *Id.* at 323 (quoting Petitioner's Supplemental Motion at 2). When denying the petitioner's request, Judge Hewitt explained that granting the request would effectively extend the amount of time allowed to file a motion for review, an action expressly prohibited under Vaccine Rule 23.[7] *Waller*, 76 Fed. Cl. at 323-24.

Petitioners here similarly ask that I ignore the requirements of Vaccine Rules 10 and 23 and allow them an extension of time by simply declaring a later filing date for my decision. I have no authority to take this action.

**Petitioners' motion to declare a later filing date is DENIED.**

Petitioners also request reconsideration of my decision dismissing their claim, pursuant to Vaccine Rule 10(e). Because petitioners' request was filed 49 days after I issued my decision and 16 days after judgment entered, it is untimely.[8]

Even if the motion for reconsideration was timely filed, petitioners have failed to demonstrate how the interest of justice would be served by granting their motion for reconsideration. If missing a deadline through misunderstanding, neglect, or plain failure to read the date of the decision were considered to constitute "the interest of justice," no filing deadline would ever stand.

**Petitioners' motion for reconsideration under Vaccine Rule 10 is DENIED.**

---

[6] In paper filings, the docket entry noting a certain action is sometimes entered a day or two after the filing actually occurred.

[7] Under the Vaccine Rules, a party must file a motion for review within 30 days (Vaccine Rule 23(a)) and no extensions of time are allowed (Vaccine Rule 23(b)).

[8] I note that petitioners could have filed a motion for reconsideration pursuant to Vaccine Rule 36 and RCFC 59. Such a motion would have been timely since it would have been filed within 28 days of judgment. *See* RCFC 59(b)(1). It is possible that petitioners' counsel decided to forego requesting reconsideration pursuant to RCFC 59 because he had a better chance of success under Vaccine Rule 10(e)'s less stringent standards for granting reconsideration. *See Krakow*, 2010 WL 5572974, at *5 (describing the "interest of justice" standard under Vaccine Rule 10(e) as placing a "less onerous" burden on the moving party than the "manifest injustice" standard found in RFCF 59(a)).

Petitioners' third request is relief from judgment under RCFC 60(b)(1) which allows relief for "mistake, inadvertence, surprise, or excusable neglect." Petitioners assert that "[t]he court's filings of May 21, 2014, constitute 'ill practices,' a 'mistake,' or 'surprise,' were confusing, and merit immediate relief." Pet. Motions at 1. Petitioners argue "[their] failure to file a motion for review within thirty days constitutes 'excusable neglect.'" *Id.* at 4. Petitioners also cite Rule 60(b)(6) and claim their failure to file a motion for review "is reasonable and justifiable, and the court should grant relief for 'any other reason that justifies relief' under Rule 60(6) [sic], and Vaccine Rule 36." *Id.*

Although there were minor grammatical errors in my initial decision filed on May 20, 2014, those errors were quickly corrected. There was nothing unusual or unexpected about the method used to correct the errors. Thus, there is no good reason for asserting that the May 21, 2014 filings somehow caused petitioners to miss the filing deadline for their motion for review.

"[A] party has an affirmative duty to inquire about the status of his case" and gross carelessness on the part of counsel is not a sufficient reason to grant relief under RCFC 60(b)(1).[9] *Bridgham*, 33 Fed. Cl. at 105 (rejecting counsel's mistake as a basis for relief); *see also Guillot,* 2012 WL 3867160, at *7; *Kompothecras v. Sec'y, HHS,* No. 02-2002V, 2012 WL 3929800, at *8 (Fed. Cl. Spec. Mstr. Aug. 14, 2012); *Kompothecras v. Sec'y, HHS,* No. 02-110V, 2013 WL 1881022, at *13 (Fed. Cl. Spec. Mstr. Jan. 29, 2013) (rejecting counsel's failings as not sufficient to establish excusable neglect warranting relief under RCFC 60(b)(1)). Even though a mistake warranting relief under RCFC 60(b)(1) may be from either party, attorney, or the court (*see CNA Corp.*, 83 Fed. Cl. at 8), counsel's confusion and mistake regarding the dismissal decision's filing date is not sufficient to grant relief.

Petitioners' motion for relief from judgment is a substitute for a timely filed motion for review. According to *Seven Elves,* this weighs against granting petitioners' request. 635 F.2d at 402 (second factor). Rule 60(b)(1) and (6) should not be invoked to excuse "counsel's mistake in not filing a timely motion for review." *Taylor v. Sec'y, HHS*, 34 Fed. Cl. 137, 140 (1995); *accord Waller*, 76 Fed. Cl. at 323-24; *Vessels*, 65 Fed. Cl. at 569.

Moreover, the viability of petitioners' underlying claim must be examined when determining if relief from judgment should be granted. *See Seven Elves,* 635 F.2d at 402 (fifth factor). The motion should not be granted if petitioners' underlying claim is without merit. In my May 21, 2014 decision, I addressed each of petitioners' arguments that they were entitled to compensation. *See Blake*, 2014 WL 2769979. Factually, they failed to demonstrate that their son's post-vaccination symptoms constituted a Table encephalopathy. Their belatedly-raised actual causation claim likewise lacked support in the evidentiary record. Petitioners have presented no evidence, argument, or

---

[9] "Courts have generally refused to grant relief under clause (6) based upon the ineffective assistance of counsel, noting that such claims are better dealt with, if at all, under the 'excusable neglect' provision of Rule 60(b)(1)." *Kennedy,* 99 Fed. Cl. at 548; *see also supra* at Section II.C. (discussion regarding the mutual exclusivity of RCFC 60(b)(6) and earlier subsections).

10

information which would cause me to alter my decision in any way.  Thus, granting petitioners' motion for relief from judgment would constitute the empty exercise discussed in *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Inc.*, 953 F.2d 17, 20 (1st Cir. 1992).

**The motion for relief from judgment is DENIED.**

### IV.  Conclusion.

I have no authority to change the date of my decision and, thus, must deny petitioners' motion for reconsideration under Vaccine Rule 10(e) as untimely.  Even if petitioners' motion for reconsideration were considered to be timely filed under Vaccine Rule 10(e) or properly filed under Vaccine Rule 36 and RCFC 59, counsel's failure to read carefully either the May 21 decision or the June 18 "Public Decision" does not constitute a basis for reconsideration.

Likewise, petitioners have provided no basis for relief from judgment under Vaccine Rule 36 and RCFC 60. Petitioners have not shown evidence of mistake, inadvertence, surprise, or neglect sufficient to warrant relief from judgment pursuant to RCFC 60(b)(1).  Moreover, petitioners' arguments on the merits of the dismissal are the same ones presented to me prior to my decision and were fully considered and addressed in my decision.  Nothing asserted would cause me to alter my decision to dismiss their claim.  Thus, granting petitioners' motion for relief would serve only to reset their time to seek review.

Relief from judgment is not meant to be a substitute for petitioners' failure to file a timely motion for review after receiving a full adjudication of their claim.

**Petitioners' motions of July 9, 2014 are therefore DENIED.**

**The Clerk shall provide a copy of this ruling[10] to the parties and to Judge Horn in accordance with Vaccine Rule 28.1.**

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
**Denise K. Vowell**
Chief Special Master

---

[10] Although not a decision, this ruling constitutes my fulfillment of Judge Horn's order remanding this case to rule on petitioners' requests for relief.